IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GANT, | ) | |
| | ) | Case No. 13 CV 06231 |
| Plaintiff, | ) | |
| | ) | JUDGE DURKIN |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| City of Chicago and Robert Frederick, #6248, | ) | |
| Walker Bucki, #5827, Kelly H. Bonczek, #13501, | ) | |
| Carlos C. Cannon, #12214, Ronald O. Forgue, | ) | |
| #380, Edward M. Fulton, #12724, Maurice A. | ) | |
| Rhone, #25820, Linda Szefc, #2033, James B. | ) | Jury Demanded |
| Turney, #17812 and Rasashod P. Fenner, | ) | |
| #110637, Gary E. McCaskill, #110626, Jason B. | ) | |
| Nichols, #110638 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Officers Robert Frederick, Walter Bucki, Kelly Bonczek, Carlos Cannon, Ronald Forgue, Edward Fulton, Maurice Rhone, Linda Szefc, James Turney, Rasashod Fenner, Gary McCaskill and Jason Nichols (collectively "Defendant Officers"), by the undersigned counsel, for their Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand, hereby state as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and § 1367.

**ANSWER**: Defendant Officers admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, but deny that they violated Plaintiff's civil rights. Defendant Officers further admit that jurisdiction is proper.

2. Plaintiff Robert Gant is a resident of the Northern District of Illinois.

1

**ANSWER**: Upon information and belief, Defendant Officers admit the allegations contained in this paragraph.

3. Defendants Robert Frederick, #6248, and Walter Bucki, #5827, Kelly H. Bonczek, #13501, Carlos C. Cannon, #12214, Ronald O. Forgue, #380, Edward M. Fulton, #12724, Maurice A. Rhone, #25820, Linda Szefc, #2033, and James B. Turney, #17812 are police officers of the City of Chicago. Plaintiff sues each of these defendants in his (or her) individual capacity.

**ANSWER**: Upon information and belief, Defendant Officers admit the allegations contained in this paragraph, except deny that Rhone is a police officer.

4. Defendants Rasashod P. Fenner, #110637, Gary E. McCaskill, #110626, and Jason B. Nichols, #110638 are civilian employees of the City of Chicago; each was employed in the lockup at the Fifth District of the Chicago Police Department on June 30, 2012 or July 1, 2012. Plaintiff sues each of these defendants in his individual capacity.

**ANSWER:** Defendants Fenner, McCaskill and Nichols admit the allegations contained in this paragraph. Upon information and belief, Defendants Frederick, Bucki, Bonczek, Cannon, Forgue, Fulton, Rhone, Szefc and Turney admit the allegations contained in this paragraph.

5. City of Chicago is an Illinois municipal corporation.

**ANSWER**: Defendant Officers admit that the City of Chicago is an Illinois municipal corporation.

6. Defendant Frederick and Bucki arrested plaintiff on June 30, 2012. Plaintiff does not raise any issues about the legality of this arrest.

**ANSWER**: Defendants Frederick and Bucki admit the allegations contained in this paragraph. Upon information and belief, the remaining Defendant Officers admit the allegations contained in this paragraph.

7. At the time of his arrest:

    a. plaintiff was recovering from eye surgery,
    b. wearing a bandage covering his left eye,
    c. had an objective and serious health need for frequent applications of post-surgery medication.

2

**ANSWER**: Defendants Bucki and Frederick admit that Plaintiff was wearing a bandage of some type that covered his left eye when they encountered and arrested Plaintiff, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. The remaining Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendant Frederick and Bucki were aware of the foregoing, but turned a blind eye to plaintiff's obvious need for medical care.

**ANSWER:** Defendants Frederick and Bucki deny the allegations contained in this paragraph. The remaining Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Following his arrest, and while being held in the lockup at the Fifth District police station, plaintiff was under the control of defendants Cannon, Rhone, Fulton, McCaskill, Nichols, and Fenner. These defendants ignored plaintiff's obvious need for medical care.

**ANSWER**: Upon information and belief, Defendants Cannon, Rhone, Fulton, McCaskill, Nichols and Fenner admit that Plaintiff was held at the 5th District Police station, but deny the remaining allegations contained in this paragraph. The remaining Defendant Officers admit that Plaintiff was held at the 5th District Police station, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Defendants Szefc and Forgue were supervisors on duty while plaintiff was being held at the Fifth District police station; each became aware of and each ignored plaintiff's obvious need for medical care.

**ANSWER:** Defendants Szefc and Forgue admit that they were supervisors on duty at some point while Plaintiff was held in the Fifth District lock-up facilities, but deny the remaining allegations contained in this paragraph. The remaining Defendant Officers lack knowledge or

3

information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendant Forgue informed a friend of plaintiff, who came to the Fifth District police station with plaintiff's medication, that the police department could not accept the medication but that plaintiff would be taken to a hospital for any medication he required.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Defendant Forgue, after refusing to accept plaintiff's medication, turned a blind eye to plaintiff's need for medical care.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Defendant Bonczek and Turney transported plaintiff from the Fifth District police station to court on July 1, 2012; each was aware of and each ignored plaintiff's need for medical care.

**ANSWER:** Defendants Bonczek and Turney deny the allegations contained in this paragraph. The remaining Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. In June and July of 2012, there was a widespread practice within the Chicago Police Department to refuse to permit detainees to access their medication while being held at a police station, even when those detainees, as in this case, had objective and serious health needs and required medication for those serious health needs.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The above described policy was adjudicated against the City of Chicago in *Ortiz v. City of Chicago*, 04-cv-7423.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. As a result of the foregoing, plaintiff lost vision in his left eye and was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Defendant Officers deny any wrongdoing and deny the allegations contained in this paragraph.

17. Plaintiff hereby demands trial by jury.

**ANSWER**: Defendant Officers admit that Plaintiff is demanding a trial by jury.

WHEREFORE, Defendant Officers request judgment in their favor and against Plaintiff on Plaintiff's Amended Complaint; an award of costs as provided by law; and that they be granted such other relief as this Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Accordingly, Defendant Officers are entitled to qualified immunity as a matter of law as to Plaintiff's federal claims.

## JURY DEMAND

Defendant Officers request a trial by jury.

Respectfully submitted,

/s/ *Kristin L. Acuff*
Kristin L. Acuff
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312/742-7035