IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Gant | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| City of Chicago and Robert Frederick, | ) | No. 13 CV 6231 |
| #6248, Walker Bucki, #5827, Kelly H. | ) | |
| Bonczek, #13501, Carlos C. Cannon, #12214, | ) | |
| Ronald O. Forgue, #380, Edward M. Fulton, | ) | |
| #12724, Maurice A. Rhone, #25820, | ) | *(Judge Durkin)* |
| Rasashod P. Fenner, #110637, Gary E. | ) | |
| McCaskill, #110626, and Jason B. Nichols, | ) | |
| #110638 | ) | |
| | ) | |
| *Defendants*. | | |

**SECOND AMENDED COMPLAINT**

Pursuant to leave of Court, plaintiff files this second amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Robert Gant is a resident of the Northern District of Illinois.

3. Defendants Robert Frederick, #6248, Walker Bucki, #5827, Kelly H. Bonczek, #13501, Carlos C. Cannon, #12214, Ronald O. Forgue, #380, Edward M. Fulton, #12724, and Maurice A. Rhone, #25820, are police

officers of the City of Chicago. Plaintiff sues each of these defendants in his (or her) individual capacity.

4. Defendants Rasashod P. Fenner, #110637, Gary E. McCaskill, #110626, and Jason B. Nichols, #110638 are civilian employees of the City of Chicago; each was employed in the lockup at the Fifth District of the Chicago Police Department on June 30, 2012 or July 1, 2012. Plaintiff sues each of these defendants in his individual capacity.

5. City of Chicago is an Illinois municipal corporation.

6. Defendants Frederick and Bucki arrested plaintiff on June 30, 2012. Plaintiff does not raise any issue about the legality of this arrest.

7. At the time of his arrest:

    a. plaintiff was recovering from eye surgery,

    b. wearing a bandage covering his left eye,

    c. had an objective and serious health need for frequent applications of post-surgery medication.

8. Defendants Frederick and Bucki were aware of the foregoing, but each turned a blind eye to plaintiff's obvious need for medical care.

9. Following his arrest and while being held in the lockup at the Fifth District police station, plaintiff was under the control of defendants Cannon, Rhone, Fulton, McCaskill, Nichols, and Fenner. These defendants ignored plaintiff's obvious need for medical care.

10. Defendant Forgue was a supervisor on duty while plaintiff was being held at the Fifth District police station; he became aware of and ignored plaintiff's obvious need for medical care.

11. Defendant Forgue informed a friend of plaintiff, who came to the Fifth District police station with plaintiff's medication, that the police department could not accept the medication but that plaintiff would be taken to a hospital for any medication he required.

12. Defendant Forgue, after refusing to accept plaintiff's medication, turned a blind eye to plaintiff's need for medical care.

13. Defendant Bonczek and Turney transported plaintiff from the Fifth District police station to court on July 1, 2012; each was aware of and ignored plaintiff's need for medical care.

14. In June and July of 2012, there was a widespread practice within the Chicago Police Department to refuse to permit detainees to

access their medication while being held at a police station, even when those detainees, as in this case, had objective and serious health needs and required medication for those serious health needs.

15. The above described policy was adjudicated against the City of Chicago in *Ortiz v. City of Chicago*, 04-cv-7423.

16. As a result of the foregoing, plaintiff lost vision in his left eye and was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

17. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered against defendants in an aggregate amount in excess of one million dollars, and that punitive damages be awarded against defendant Forgue in an amount in excess of one hundred thousand dollars.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
Joel Flaxman
Kenneth N. Flaxman P.C.
200 S Michigan Ave Ste 201
Chicago, IL 60604-2107
(312) 427-3200

*Attorneys for Plaintiff*