IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Gant | ) |
|       *Plaintiff*, | ) |
|       -*vs*- | ) No. 13 CV 6231 |
| City of Chicago, Carlos C. Cannon, Ronald O. Forgue, Maurice A. Rhone, Rasashod P. Fenner, and Jason B. Nichols, | ) *(Judge Durkin)* |
|       *Defendants*. | ) |

## THIRD AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this third amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Robert Gant is a resident of the Northern District of Illinois.

3. Defendants Carlos C. Cannon and Ronald O. Forgue were, at the time of the matters complained of herein, police officers of the City of Chicago. Plaintiff sues Cannon and Forgue in their individual capacities.

4. Defendants Rasashod P. Fenner, Jason B. Nichols, and Maurice A. Rhone were, at the time of the matters complained of herein, detention aides employed by the City of Chicago to work in the lockup at the Fifth District

police station. Plaintiff sues Fenner, Nichols, and Rhone in their individual capacities.

5. Defendant City of Chicago is an Illinois municipal corporation.

6. Plaintiff was arrested by Chicago police officers on June 30, 2012. Plaintiff does not raise any issue about the legality of this arrest.

7. At the time of his arrest:

   a. plaintiff was recovering from eye surgery,

   b. wearing a bandage covering his left eye, and

   c. had an objective and serious health need for frequent applications of post-surgery medication.

8. Following his arrest, plaintiff was taken to the Fifth District police station.

9. Defendants Cannon and Rhone processed plaintiff into the lockup at the Fifth District police station.

10. In the course of processing plaintiff into the lockup, defendants Cannon and Rhone observed that plaintiff had a patch covering his left eye.

11. Defendants Cannon and Rhone learned that plaintiff was in obvious pain or injury and that plaintiff was taking medication for an eye surgery he had about two weeks earlier.

12. At the time they learned that plaintiff was in obvious pain or injury and was taking medication for an eye surgery he had about two weeks earlier, defendants Cannon and Rhone knew:

    a. that they could not provide plaintiff with medical care and

    b. that the only way in which plaintiff could receive medical care while an arrestee in Chicago police custody would be if he was transported to a hospital.

13. Neither defendant Cannon nor Rhone took any action to cause plaintiff to receive medical care; each turned a blind eye to plaintiff's need for medical attention.

14. Defendant Forgue was the supervisor on duty at the Fifth District police station in the afternoon shift on June 30, 2012.

15. In the course of his duties on June 30, 2012, defendant Forgue learned that plaintiff was in custody in the lockup, that plaintiff was in obvious pain or injury, and that plaintiff was taking medication for an eye surgery he had about two weeks earlier.

16. Sometime after 2:00 p.m. on June 30, 2012, a friend of plaintiff arrived at the Fifth District police station with the medication plaintiff had been taking as part of his post-surgery treatment.

17. Plaintiff's friend spoke with defendant Forgue on June 30, 2012 and told him that she had come to the police station with the medication plaintiff needed as part of his post-surgery treatment.

18. At all times relevant, the rules and regulations of the Chicago police department prohibited Chicago police officers and detention aides from providing an arrestee with medication that had been brought to the police station for the arrestee or that were in the possession of the arrestee at the time of arrest. Plaintiff does not challenge this policy.

19. As required by the above described Chicago police policy, defendant Forgue told plaintiff's friend that he could not provide plaintiff with the medication she had brought to the police station.

20. Defendant Forgue also told plaintiff's friend that he would see that plaintiff was brought to a hospital to receive medical attention for his eye.

21. Defendant Forgue, after refusing to accept plaintiff's medication and promising to take action to assist plaintiff, did not take any further action related to plaintiff and thereby ignored plaintiff's obvious need for medical care.

22. Defendants Fenner and Nichols worked as detention aides at the Fifth District police station in the afternoon shift on June 30, 2012.

23. While working on June 30, 2012, defendants Fenner and Nichols became aware that plaintiff was in custody in the lockup, that plaintiff was in obvious pain or injury, that plaintiff was taking medication for an eye surgery he had about two weeks earlier, that plaintiff required the medication for his post-operative recovery, and that plaintiff had not been taken to a hospital to treat his serious medical condition.

24. Neither defendant Fenner nor Nichols took any action to cause plaintiff to receive medical care; each turned a blind eye to plaintiff's need for medical attention.

25. A judgment was entered against defendant City of Chicago in *Ortiz v. City of Chicago*, 04-cv-7423 incorporating the finding that there was a widespread practice within the Chicago Police Department to refuse to permit detainees to access their medication while being held at a police station, even when those detainees, as in this case, had objective and serious health needs and required medication for those serious health needs

26. Following entry of the *Ortiz* judgment, defendant City of Chicago did not take any steps to correct the way in which its police officers and detention aides treated detainees who sought to access their medication while being held at a police station.

27. This policy was applied to plaintiff when, as alleged above, the individual defendants turned a blind eye to plaintiff's needs and requests for his medication and his obvious need for medical care.

28. As a result of the foregoing, plaintiff lost vision in his left eye and was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered against defendants in an aggregate amount in excess of one million dollars, and that appropriate punitive damages be awarded against the individual defendants.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
Joel Flaxman
Kenneth N. Flaxman P.C.
200 S Michigan Ave Ste 201
Chicago, IL 60604-2107
(312) 427-3200

*Attorneys for Plaintiff*